United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE TRUST 2005-WL3,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL CHAVEZ and ADRIANA CHAVEZ, and DOES 1-20, inclusive,<br><br>Defendants.<br>                                                                / | No. C 12-04254 WHA<br><br>**ORDER GRANTING MOTION TO REMAND; APPLICATION TO PROCEED IN FORMA PAUPERIS** |

On May 7, 2012 plaintiff Deutsche Bank National Trust Company filed an unlawful detainer action in state court to obtain possession of residential real property. The complaint alleged that defendant owes plaintiff: (1) restitution of the property; (2) damages at the rate of $50 per day from May 3, 2012, for each day that defendants continued in possession of the property; and (3) costs of suit and further relief as is proper. Plaintiff's complaint states that the amount demanded does not exceed $10,000. After pro se defendants Angel and Adriana Chavez removed the action to federal court, plaintiff filed a motion to remand to the Superior Court of the County of Stanislaus. Defendants have not responded to plaintiff's motion or to the order to show cause issued by this Court on September 17.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that defendant bears the burden of

establishing proper removal. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Remand is appropriate here. A state-law claim for unlawful detainer does not arise from federal law. Furthermore, even if defendant had asserted jurisdiction under the diversity statute, 28 U.S.C. Section 1332, the amount in controversy claimed by plaintiff is under $10,000, which is far below the amount-in-controversy requirement for diversity jurisdiction.

As federal subject-matter jurisdiction is lacking under both federal-question or diversity jurisdiction, the action is hereby **REMANDED TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**. Defendants' application to proceed *in forma pauperis* is **GRANTED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE